**SOLOFF & ZERVANOS, P.C.**
**By:** John N. Zervanos, Esquire
1525 Locust Street, Eighth Floor                    Attorney for Plaintiffs
Philadelphia, PA 19102
215-732-2260

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK and LEILANI SOUDERS, h/w : | |
| 4939 Wildcherry Lane : | CIVIL ACTION - COMPLAINT |
| Macungie, PA 18062 : | |
|        Plaintiffs : | |
|        v. : | |
| SHIPPENSBURG UNIVERSITY : | |
| 1871 Old Main Drive : | |
| Shippensburg, PA 17257 : | |
|     and : | |
| SHIPPENSBURG UNIVERSITY : | NO.: 1:06-CV-61 |
| POLICE DEPARTMENT : | |
| 1871 Old Main Drive : | |
| Shippensburg, PA 17257 : | |
|     and : | |
| POLICE OFFICER PATRICK TAYLOR : | |
| c/o: SHIPPENSBURG UNIVERSITY : | |
| POLICE DEPARTMENT : | |
| 1871 Old Main Drive : | |
| Shippensburg, PA 17257 : | |
|     and : | |
| POLICE OFFICER BRODNICK : | |
| c/o: SHIPPENSBURG UNIVERSITY : | |
| POLICE DEPARTMENT : | |
| 1871 Old Main Drive : | **JURY TRIAL DEMAND** |
| Shippensburg, PA 17257 : | Judge Conner |
|        Defendants : | |

## CIVIL ACTION FIRST AMENDED COMPLAINT

Plaintiffs, Mark and Leilani Souders, h/w, by and through their attorneys, Soloff & Zervanos, P.C. bring this complaint against the defendants and in support thereof allege as follows:

## INTRODUCTION

1.      This action for declaratory, injunctive, monetary and other appropriate relief is brought by plaintiffs, Mark and Leilani Souders, h/w, to address the intentional and negligent violations by the defendants of the rights secured to plaintiffs by the laws of the United States of America and the statutory and common law of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 28 U.S.C. Sections 1331 and 1343(3) and the aforementioned statutory constitutional provisions. Plaintiffs further evoke the pendent jurisdiction of this court to consider claims arising under state law.

3.      Venue is appropriately laid in this district pursuant to 28 U.S.C. Section 1391(b) as it is a judicial district in which plaintiffs reside and defendant, Shippensburg University, conducts substantial business within this judicial district.

4.      The amount in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars exclusive of interest and costs.

## PARTIES

5.      Plaintiff, Mark Souders, is a citizen and resident of the Commonwealth of Pennsylvania residing at the above address which is within the Eastern District of Pennsylvania.

6.      Plaintiff, Leilani Souders, is a citizen and resident of the Commonwealth of Pennsylvania residing at the above address and is the wife of plaintiff, Mark Souders.

7.      Defendant, Shippensburg University, is a higher education and learning institution owned by the Commonwealth of Pennsylvania and operated as "Shippensburg University", located at the address outlined above. At all relevant times defendant, Shippensburg University, acted through its agents and/or employers as described fully below and as outlined in the following

including, but not limited to, Officer Patrick Taylor and Officer Brodnick, both of whom were acting in their individual and official capacities.

8. Defendant, Shippensburg University Police Department, is owned by the Commonwealth of Pennsylvania and located at the address outlined above. At all relevant times defendant, Shippensburg University Police Department, acted through its agents and/or employers as described fully below and as outlined in the following including, but not limited to, Officer Patrick Taylor and Office Brodnick, both of whom were acting in their individual and official capacities.

9. Defendant, Officer Patrick Taylor, upon information and belief, is a citizen and resident of the Commonwealth of Pennsylvania employed at the above address as a Shippensburg University police officer. He is sued and named in his individual and official capacity.

10. Defendant, Officer Brodnick, whose first name is presently unknown, is a citizen and resident of the Commonwealth of Pennsylvania employed at the above address as a Shippensburg University police officer. She is sued and named in her individual and official capacity.

11. At all times relevant hereto, all defendants were acting under color of state law.

**FACTUAL BACKGROUND**

12. On or about November 20, 2004, at approximately 2:30 p.m., the plaintiff, Mark Souders, was attending a football game at Shippensburg University in order to watch his son play football. The football game was between West Chester University football team and Shippensburg University football team and the plaintiffs' son was playing for the visiting team, West Chester University. Plaintiffs were seated at the visitors' team bleachers and were watching the game along with their other young sons.

13. During the course of the game, there was a group of unruly Shippensburg University

fans sitting and standing on the visitors' bleachers and behind plaintiffs who were yelling and cursing.

14. Other fans who were attempting to enjoy the game made numerous complaints to Shippensburg University Police Department, who had the duty of acting as security throughout the game.

15. Security told these unruly fans to "move on" but these fans never left.

16. One of the unruly patrons specifically cursed at the Shippensburg University police, but were permitted to stay in the bleachers disrupting the crowd.

17. When Shippensburg University Police Department ignored the unruly patrons at the visitors' bleachers, plaintiff, Mark Souders, stood up and politely said "Come on guys. Enough is enough."

18. In response, one of the unruly patrons punched plaintiff, Mark Souders, at which time the defendants responded by and through their police officers including defendants, Taylor and Brodnick.

19. However, rather than coming to the aid of plaintiff, Mark Souders, defendants, Officer Taylor and/or Officer Brodnick, then assaulted and battered plaintiff, Mark Souders, violently placing his right arm behind his back. Upon doing so plaintiff, Mark Souders, specifically told the officers, believed to be Officer Brodnick, that his right arm hurt in the position in which she was holding it.

20. Rather than releasing Mark Souders' arm, defendant, Brodnick and/or Taylor, pushed harder until plaintiff, Mark Souders, heard a "pop" from his arm. It was later determined that this pop was the sound of the triceps in his right arm being torn by as a direct result of the actions of defendants, Officer Taylor and/or Officer Brodnick.

21. Thereafter, defendant, Officer Brodnick, caused a non-traffic citation/summons to be issued against plaintiff, Mark Souders, for alleged violation of 18 Pa. S.C.A. Section 5503(A)(1) and (a)(4) for allegedly intentionally causing "public inconvenience, annoyance or alarm or recklessly creating a risk thereof, engaged in fighting or threatening in violent or tumultuous behavior or creating a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor" and, further, alleging that the subject was "involved in a fight at the playoff football game." Defendants were without any reasonable basis to have the criminal charges brought against plaintiff, Mark Souders and such charges were dismissed against plaintiff, Mark Souders.

22. At all times relevant hereto plaintiff, Mark Souders, was unarmed, non-violent and in no way posed any threat to these defendant officers' safety or to the safety of any other persons.

23. As a proximate legal result of defendants' actions, plaintiff, Mark Souders, suffered a torn tricep and other injuries, damages, embarrassment, humiliation, and has incurred legal and medical expenses and loss of wages, income and loss of earning capacity.

## COUNT I
## PLAINTIFFS vs. ALL DEFENDANTS
## CIVIL RIGHTS VIOLATIONS

24. Plaintiffs adopt and incorporate by reference paragraphs one (1) through twenty-three (23) herein set forth at length.

25. Defendants used excessive force thereby violating plaintiffs' rights under the laws of the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments, and his rights under the Constitution and laws of the Commonwealth of Pennsylvania, at all times acting under color of state law.

26. Without any justification and provocation, defendants willfully and maliciously

caused plaintiffs to suffer injuries and damages.

27.  As a direct and proximate result of the aforesaid acts of the defendant police officers, committed under color of their authority as Commonwealth police officers and/or Shippensburg University police officers, all defendants caused plaintiffs to suffer grievous bodily harm which is a violation by the defendant police officers and all defendants of the laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and was further in violation of the Statutes of the Commonwealth of Pennsylvania and the Constitution of the United States all of which makes the said defendants liable to plaintiffs.

28.  Defendants Shippensburg University and Shippensburg Police Department created, promoted or otherwise permitted, through its policies and/or customs, its officers to use excessive force and to act in deliberate indifference to the rights of persons described above, including the plaintiffs' rights, guaranteed by the United States Constitution, the Statutes of the Commonwealth of Pennsylvania though its training, supervision, direction when defendants knew or should have known of the consequences of its policies, customs and actions to plaintiffs.

29.  In particular, Defendants Shippensburg University and Shippensburg Police Department, through its policies and customs, failed to train and/or adequately supervise its employees and/or agents Defendants Taylor and Brodnick in appropriate investigation and proper use of force, all of which resulted in Plaintiffs' injuries and damages described herein.

30.  The acts committed by the defendants constitutes intentional misconduct, excessive use of force, negligence, gross negligence and deliberate indifference which caused previously described bodily injuries to the plaintiff, monies for legal fees, and other economic losses in violation of their constitutional rights previously set forth in the aforementioned

paragraphs.

31.     The acts constitute an excessive use of force all in violation of the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. §1983.

WHEREFORE, plaintiffs demand judgment in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus interest, costs, attorney's fees and punitive damages against defendants in their individual capacities.

### COUNT II
### PLAINTIFFS vs. ALL DEFENDANTS
### FALSE IMPRISONMENT

32.     Plaintiffs adopt and incorporate by reference paragraphs one (1) through thirty-one (31) herein set forth at length.

33.     The defendants, through their acts above, falsely imprisoned plaintiff, causing plaintiffs' damages described above.

WHEREFORE, plaintiffs demand judgment in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus interest, costs, attorney's fees and punitive damages against defendants in their individual capacities.

### COUNT III
### PLAINTIFFS vs. ALL DEFENDANTS
### ASSAULT AND BATTERY

34.     Plaintiffs adopt and incorporate by reference paragraphs one (1) through thirty-three (33) herein set forth at length.

35.     The defendants, by and through the acts described above, willfully, intentionally, and maliciously inflicted assault and battery upon plaintiff, Mark Souders, causing plaintiffs' damages described above.

WHEREFORE, plaintiffs demand judgment in an amount in excess of One Hundred Fifty

Thousand ($150,000.00) Dollars plus interest, costs, attorney's fees and punitive damages against defendants in their individual capacities.

## COUNT IV
## PLAINTIFFS vs. ALL DEFENDANTS
## DEFAMATION, LIBEL & SLANDER

36.     Plaintiffs adopt and incorporate by reference paragraphs one (1) through thirty-five (35) herein set forth at length.

37.     Defendants, acting individually and through its agents, employees and/or servants, negligently, recklessly or intentionally communicated and published false statements of fact to third parties, including the police and Court about the plaintiff, Mark Souders, namely that he was committing or had committed a crime.

38.     Defendants' statements tend to harm and actually harmed the reputation of the plaintiff in the community and/or deter third persons from dealing with the plaintiff.

39.     These Defendants' statements were made at a time when defendants knew or should have known that such statements were untrue and were made without any privilege to make such statements and/or in reckless or intentional abuse of such privilege.

40.     As a direct and proximate result of these Defendants' publication of false statements, plaintiff suffered emotional harm and humiliation and may have suffered a loss of reputation in the community.  These Defendants' statements and actions further constitute slander *per se*.  As a further direct and proximate result, plaintiffs have incurred legal expenses and costs.

41.     It is believed and therefore averred that these Defendants made such false statements with the improper motive of attempting to "cover up" their own illegal acts in falsely and unreasonably detaining and injuring Plaintiff against his will.

WHEREFORE, plaintiffs demand judgment in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus interest, costs, attorney's fees and punitive damages against defendants in their individual capacities.

## COUNT V
## PLAINTIFF MARK SOUDERS vs. ALL DEFENDANTS
## MALICIOUS PROSECUTION & ABUSE OF PROCESS

42. Plaintiffs adopt and incorporate by reference paragraphs one (1) through forty-one (41) herein set forth at length.

43. Defendants caused a criminal proceeding to be initiated and continued against Plaintiff Mark Souders, which resulted in criminal charges brought against him and defendants initiated and/or continued such charges with malice and without probable cause and the criminal proceeding terminated in favor of Plaintiff Mark Souders.

44. Defendants maliciously prosecuted Plaintiff Mark Souders causing him to incur legal expenses and costs, embarrassment, emotional distress, mental anguish, humiliation, loss to his reputation and pain and suffering.

45. It is believed and therefore averred that these Defendants caused criminal proceedings to be brought against Plaintiff Mark Souders in an attempt to "cover up" their own illegal acts in falsely and unreasonably detaining and injuring Plaintiff against his will, an improper purpose.

WHEREFORE, plaintiffs demand judgment in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars plus interest, costs, attorney's fees and punitive damages against defendants in their individual capacities.

**SOLOFF & ZERVANOS, P.C.**

**By:** /S/ JOHN N. ZERVANOS
     John N. Zervanos, Esquire
     Attorney for Plaintiffs,
     Mark and Leilani Souders

Dated:_____